W. Donald DUBAIL, Charles R. Judge, and Robert S. Kilker, d/b/a Dubail, Judge & Kilker, Plaintiffs-Respondents,

v.

MEDICAL WEST BUILDING CORPORA-TION, a Corporation, O. S. Rudman and Ann Rudman, His Wife, Defendants-Appellants.

No. 49688.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

---◆---

Gentry, Bryant & Sheppard, Arnot L. Sheppard, St. Louis, for plaintiffs-respondents.

Guilfoil, Caruthers, Symington & Montrey, St. Louis, for defendants-appellants.

WESTHUES, Special Commissioner.

Plaintiffs-respondents in this case, W. Donald Dubail, Charles R. Judge, and Robert S. Kilker, are lawyers doing business under the firm name of Dubail, Judge & Kilker in St. Louis, Missouri. The defendants-appellants are Medical West Building Corporation, a corporation, and O. S. Rudman and his wife, Ann Rudman. Plaintiffs sued defendants to recover a balance of $21,487.11 for attorney fees and for advancements made to the corporation by plaintiffs while the corporation was being incorporated in 1954 and thereafter until February, 1958, when the Rudmans purchased controlling interest in the corporation.

A trial resulted in a jury verdict for plaintiffs in the sum of $21,487.11 and interest thereon at 6% from February 11, 1959, in the sum of $4,297.40, or a total of $25,784.51. The trial court overruled defendants' motion for a new trial and an appeal was taken from the judgment entered.

(The parties will continue to be referred to as styled below.)

Plaintiffs filed a motion to dismiss defendants' appeal stating as grounds therefor that the statement of facts in the brief violated S.Ct.Rule 83.05(c), V.A.M.R. We deem it best to pass on the merits of the case and overrule the motion to dismiss without comment.

Plaintiffs, in their petition, asked for a judgment on two theories, one based on quantum meruit, the other on contract. The quantum meruit theory was not submitted to a jury and may be disregarded.

Defendants, in general, denied liability and the Rudmans filed a counterclaim which was abandoned. The issues before us on this appeal lie between plaintiffs' claim, based on contract, and defendants' denial of liability.

We may state here that all of the legal services for which plaintiffs ask recovery were performed by Charles R. Judge and that he was the only witness to testify during the trial. Other evidence consisted of various documents.

The first three assignments of error, briefed by the defendants, concern instruction No. 1 given on plaintiffs' behalf. In the fourth and last assignment, defendants claim error was committed by the trial court in permitting plaintiffs' counsel to comment on the failure of defendant O. S. Rudman to testify.

The instruction which defendants attack on various grounds reads:

"The Court instructs the jury that if you find and believe from the evidence that the Plaintiff, Charles Judge, was employed by and performed legal services for Defendant, Medical West Building Corporation, and advanced monies to or for said defendant corporation, if you so find, and if you further find from the evidence that by reason of the performance of such legal services and advancements of money by said plaintiff, defendant Medical West Building Corporation became and was obligated to said plaintiff, Charles Judge, therefor at the time of the executing of the contract

referred to in evidence as Exhibit A, if you so find, and if you further find and believe from the evidence that such obligation, if any, was one which defendant Medical West Building Corporation had the legal right to and did incur without violating any law, then your verdict must be in favor of plaintiffs and against all defendants in such amount, if any, as you may find to be due under the contract mentioned in the evidence as Exhibit A, not to exceed the sum of $21,487.11, together with interest thereon at the rate of six per cent (6%) per annum from February 11, 1959."

In one of the assignments of error in the motion for new trial, marked paragraph 9, it was stated that the instruction erroneously submitted a question of law to the jury. This is apparent and was so to the trial court. At the time of the overruling of the new trial motion, the court entered the following memorandum:

"Par. (9) of defendants' Motion for New Trial correctly points out error in Instruction No. 1 but the error is not prejudicial to defendants. The erroneous part of that instruction does not involve a matter in dispute."

For reasons to be stated later in this opinion, we agree with the trial court that the error was not prejudicial.

The evidence shows the following to have occurred. About April or May, 1954, plaintiff Charles R. Judge was employed by Richard J. Zoernig to form a corporation, the main purpose of the corporation to be the construction of an office building for doctors and dentists. Judge prepared the necessary papers and a charter was issued dated July 7, 1954, under the name of Medical West Building Corporation. The shareholders named in the articles of incorporation were Richard J. Zoernig, 48 shares, Maryan Sheppard, 1 share, and Charles R. Judge, 1 share. The authorized capital stock was 20,000 shares of $10 par value per share. The number of directors was to be five. However, at the first meet-

ing of the stockholders, held on July 20, 1954, only three were elected. They were Richard J. Zoernig, Emil L. Zoernig, and Charles R. Judge. From that time until February 13, 1958, after the Rudmans acquired the controlling interest in the corporation, the board consisted of only three directors.

In 1957, negotiations were begun for a sale of the stock owned by Judge and the Zoernigs and others to the Rudmans. This sale, as above noted, was completed in February, 1958.

After the corporation came to life in 1954, negotiations began for a tract of land upon which to construct an office building. A number of sites were considered before one was purchased. The corporation borrowed large sums of money to be used for the construction of the building. One loan was in the sum of $930,000. The building was constructed and numerous rental leases were prepared and signed by doctors and dentists. While not material to the issues in this case, persons interested in the operation of the building and the dispute over terms of leases after the Rudmans purchased the stock may be interested in reading the opinion in the case of Bryan v. Medical West Building Corporation, Mo. App., 345 S.W.2d 389.

Turning now to the matters pertaining to the vital issues in the case, we find that the contract which is the subject of this lawsuit was signed by the parties on the 3rd day of February, 1958. The parties of the first part were Richard J. Zoernig, E. L. Zoernig, and Charles R. Judge. The parties of the second part were O. S. Rudman and his wife, Ann Rudman. Let it be noted here that the defendant corporation was not a party to the contract and did not sign it. Plaintiffs in their petition, claimed that the corporation adopted all of the provisions of the contract and was bound by all of its terms.

The sales contract in general provided for the sale of all of the stock owned by the Zoernigs and Judge. There was a provi-

sion in the contract that the sale should not take effect if the Rudmans were unable to negotiate for the purchase of stock owned by certain other shareholders. It was provided that Richard J. Zoernig should be employed by the corporation as manager of the building. There was a provision whereby the Zoernigs and Judge should indemnify and hold harmless the corporation from any claims that might be asserted by Miran Corporation and others arising out of a contract dated August 31, 1955.

For a better understanding of certain portions of the contract material to the issues, we quote the following:

" '2. With respect to moneys payable to First Parties by the corporation, (and first parties warrant that the same are just and lawful obligations of the corporation to the first parties) it is agreed that Second Parties will cause the corporation to pay as follows:

" 'To Richard J. Zoernig $47,580.00 payable under the terms of a certain contract with the corporation dated August 31, 1955 and the sum of $784.53 representing one-half of the interest during construction advanced to the corporation by Richard J. Zoernig, in six (6) equal annual installments, the first installment payable upon closing hereof and each succeeding installment on each successive anniversary of such closing date without interest before maturity.

" 'To E. L. Zoernig the sum of $784.53 representing interest during construction advanced to the corporation by E. L. Zoernig to be paid in cash on closing.

" 'To Charles R. Judge the sum of $25,000.00 as attorney's fees for services rendered the corporation and the sum of $784.53 representing one-half of the interest during construction advanced to the corporation, in six (6) equal annual installments, the first installment payable upon closing hereof and each succeeding installment on each successive anniversary of such closing date without interest before maturity.

" 'Second Parties agree that they will advance to the corporation from time to time such sums as are necessary for the corporation to make the payments provided for herein. This agreement is subject to the approval by First Parties of the personal financial statement of O. S. Rudman, which Second Parties represent to be accurate to the best of their knowledge and belief.' "

In compliance with that contract the Rudmans advanced a sum of money to the corporation and the corporation paid to Charles R. Judge the first of the six installments mentioned in the contract, that is, $4,297.42, leaving a balance due of $21,487.11. The corporation refused to pay the next installment due in February, 1959, and this suit followed.

After the sale of the stock to the Rudmans, there was a suit filed by the Miran Investment Company, a corporation, against the Medical West Building Corporation for redress under the contract dated August 31, 1955. The defendant Medical West Building Corporation filed an answer and a third party petition asking the court to enter a judgment against Judge, the Zoernigs, and others to satisfy any judgment that might be entered against it in favor of the Miran Corporation. This third-party petition was based on a provision contained in the contract now before us. That provision, in so far as material, reads:

" '4. First Parties agree to indemnify and hold harmless the corporation from any claims that may be asserted by Miran Corporation, Edward A. Pollack and Harold Pollack or any of them, or their successors or assigns, against the corporation arising out of a contract dated August 31, 1955 and to undertake the defense of any action instituted by them or any of them and to satisfy any judgment in their favor against the corporation resulting from any such action, * * *.' "

The records of the corporation show that on February 13, 1958, the three directors,

E. L. Zoernig, Richard J. Zoernig, and Charles R. Judge, resigned and that O. S. Rudman, M. L. Rudman, and D. W. Huggins were elected as the new directors of the corporation. The records show further that on February 15, 1958, the new board of three directors adopted a resolution providing for compensation to be paid to the members of the board and officers of the corporation.

We deem the facts stated sufficient to dispose of the points of law briefed.

Under point one of their brief, and sub-paragraphs thereof, defendants says that the giving of instruction No. 1 was error for the reason that it authorized a verdict against defendants without requiring a proper finding of facts; that defendant corporation was not a party to the contract; that in any event, even if liable, it was in quantum meruit and not by virtue of a contract. These points may be considered together. It is apparent that the contract in question was made in anticipation of the Rudmans' taking control of the corporation and that the corporation would take over the obligations as well as the benefits of the contract. Immediately after taking control of the corporation, the Rudmans advanced and the corporation accepted money from them, following which the corporation paid Charles R. Judge the first installment provided for in the contract. Furthermore, the corporation in the suit against it by the Miran Investment Corporation pleaded verbatim a provision of the contract whereby Charles R. Judge and the Zoernigs agreed to hold the defendant harmless against any claim made by the Miram Investment Corporation.

The defendant corporation in this case by its actions in accepting the benefits under certain terms of the contract adopted it as its own and should not be permitted to avoid the obligations imposed by other terms. The rule governing such situations is well stated in 31 C.J.S. Estoppel § 110,

pp. 350, 351. Note what is there said: "As a general rule, by accepting benefits a person may be estopped from questioning the existence, validity, and effect of a contract. A party will not be allowed to assume the inconsistent position of affirming a contract in part by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations, or burdens." See also 17A C.J.S. Contracts § 521, p. 1004. We rule that instruction No. 1 was not erroneous on the theory that quantum meruit was plaintiffs' only remedy. We rule further that the instruction was not erroneous for failing to require the jury to find facts sufficient to support a verdict. The instruction, in substance, required the jury to find, before authorizing a verdict for plaintiffs, that Charles R. Judge was employed by and had performed legal services for the corporation and advanced money to it, then, in that event, the verdict should be for plaintiffs in such sum, if any, as the jury found to be due under the contract. Plaintiffs introduced evidence as to the services performed and money advanced; further that there was a balance due. There was no evidence to the contrary. We rule the point against the defendants.

As we noted supra, instruction No. 1 did erroneously require the jury to pass on a legal question. However, the corporation, as a matter of law, did have the legal right to incur the obligation to pay plaintiffs for the services and money advanced. No citation of authority is necessary to support such a ruling. Such a finding was not necessary to sustain plaintiffs' claim. We rule the error was harmless.

Defendants say that instruction No. 1 was erroneous in that it authorized a verdict against the Rudmans in excess of their obligation under the contract. The Rudmans say that their obligation to pay was conditioned on the failure of the corporation to pay. They say further that no showing was made that the corporation was

not able to pay. If defendants' contentions are correct, then the corporation need not pay plaintiffs because it was not a party to the contract. Furthermore, the Rudmans could not be made to pay until it was shown that the corporation could not pay. It is apparent that defendants' corporation is controlled by the Rudmans and they, the Rudmans, as well as the corporation, have accepted the benefits under the contract in question. They now refuse to shoulder the obligations they assumed under the contract. The Rudmans obtained the controlling interest in the corporation. In the contract with Judge and the Zoernigs, certain items of debts owing by the corporation were stipulated. Among those items were Judge's legal fees and money that he had advanced. Those items were considered a part of the consideration for the sale of the stock. Defendants now wish to have all of the benefits and to avoid obligations under the contract. We rule that the instruction properly permitted the jury to find against the Rudmans as well as the corporation.

■ There is no merit in the contention of defendants that the trial court erred in permitting plaintiffs' counsel to comment on the failure of O. S. Rudman to testify. Rudman negotiated for the purchase of the stock. He had the affairs of the corporation investigated. Judge testified that when the second installment came due he had a conversation with O. S. Rudman about the affairs of the corporation. He stated that in that conversation Rudman never mentioned a word of complaint about the amount due to Judge. Rudman did not see fit to refute any of that evidence.

We have examined all of the points briefed. Our conclusion is that the verdict was for the right parties; that no prejudicial error was committed with respect to any matters complained of in defendants' brief.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.