

# Missouri Court of Appeals

## Southern District

### Division One

LINDA LOU LAUGHLIN,    )
     )
    Petitioner-Appellant,    )
     )
vs.    )    No. SD32746
     )
RANDY ALLEN MOORE,    )    **Filed:  June 30, 2014**
     )
    Respondent-Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable Gregory Stremel, Associate Circuit Judge

**<u>REVERSED</u>**

Linda Lou Laughlin ("Wife") and Randy Allen Moore ("Husband") entered into a Marital Settlement Agreement ("the Agreement") on June 27, 2006, in the state of Connecticut.  The settlement specifically provided that either party had the right to submit the Agreement to any court having jurisdiction of a dissolution of marriage for approval and for incorporation of the substantive provisions in any decree of dissolution of marriage entered by a court; however, the Agreement further provided:

> The parties agree, however, that in any such action neither will ask for any different or greater rights than those specified herein, and that they will abide with and be bound by the provisions of this Agreement, whether or not incorporated in any such Decree, it being the intention of the parties

1

hereto that this Agreement is absolute, unconditional and, except by mutual consent of the parties hereto, irrevocable, and such Agreement shall not merge in any Decree but shall in all respects survive the same.

The parties further agreed that any modification or waiver of any of the provisions of the Agreement "shall be effective only if made in writing and executed with the same formality as this Agreement." The specific provision at issue in this case is under Article II, Alimony. Husband was to pay Wife $5,250.00 per month ($2,423.06 biweekly) for fourteen years (364 payments), which payments were to commence on July 10, 2006. As additional alimony, Husband was to pay Wife 25% of his gross bonuses within 30 days of receipt. Paragraph 2.3 of Article II further stated:

> All alimony payments set forth above in Paragraph 2.1 and 2.2 shall be non-modifiable as to term and shall terminate only upon the death of either party or on June 27, 2020, whichever sooner occurs. Said alimony shall terminate earlier upon the Wife's remarriage. In the event of the Wife's cohabitation, the provisions of CGS Sec. 46b-86(b) shall apply to the alimony payments.

On July 7, 2011, Wife filed a Petition for Uniform Registration of [the Agreement] and a Motion to Modify, specifically claiming that Husband had not been providing proof of any bonuses. She further claimed that her income had decreased, that Husband had not provided proof of his insurance and retirement, and requested an accounting of his funds and a modification. Husband filed a counter-motion seeking to decrease the alimony.

On January 31, 2013, Wife's attorney[1] sent a letter to the attorney for Husband:

> I spoke with my client two (2) days ago. Rather than depend upon a percentage of your client's bonus as part of her future alimony, she would be willing to agree to a sum certain to get this matter settled. She did not receive part of your client's bonus for 2011 and 2012 because no bonuses were reported as part of your client's discovery. We therefore propose the following to settle this matter:

---

[1] Wife's attorney at the trial court level was a different attorney than the one representing her on appeal.

2

Maintenance is currently set at $5,250.00 per month for a total of $63,000.00 per year. We would be willing to accept $75,000.00 per year, retroactive to 2011 and 2012 because no bonuses were reported. This would remain in effect until 2016, when [Wife's] right to maintenance under the existing Decree will terminate.

Immediately upon receiving a copy of the letter, Wife notified her attorney that he had erred on the date on which maintenance was to terminate; as noted above, the correct date was June 27, 2020. Wife's attorney did not notify Husband's attorney of the error. On February 21, 2013, Husband's attorney responded that Husband accepted the offer. He enclosed an original of the Stipulation for Settlement and enclosed a $24,000.00 check for payment of the 2011 and 2012 bonuses. The Stipulation for Settlement ended maintenance on June 30, 2016.

Wife refused to sign the Stipulation for Settlement and Husband filed a Motion to Enforce the Settlement Agreement on April 1, 2013. Three days later, Wife filed her Response to Respondent's Motion to Enforce Settlement Agreement with the court with the allegations that the offer sent by her attorney had erroneously stated that maintenance "would remain in effect until 2016, when [Wife's] right to maintenance under the existing Decree will terminate." Wife's attorney admitted that he had erroneously believed that the original decree called for maintenance to end in 2016 and had conveyed that erroneous fact in the letter when listing the 2016 date. On April 25, 2013, the trial court entered its Judgment of Modification, which sustained the motion to enforce the settlement agreement.

Wife brings four points on appeal: the first and second points are entwined and dispositive. Wife claims the trial court erred in modifying the parties' divorce decree because there was no agreement between the parties in that the purported acceptance was

3

not a mirror image of the offer and therefore constituted only a counteroffer that Wife did not accept. Wife is correct.

For a contract to exist there must be a definite offer and a mirror-image acceptance. *Volker Court, LLC v. Santa Fe Apartments, LLC*, 130 S.W.3d 607, 611 (Mo. App. W.D. 2004). As a general common law principle, in order for a contract acceptance to be effective it must be positive and unambiguous. *Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 545 (Mo. App. E.D. 2011).

The entire letter dealt with the problem of receiving a certain amount for bonuses. The offer contained a latent ambiguity. The ambiguity was whether the proposed new maintenance calculation would end in 2016 (a specific date was not stated in the offer) or would end "when [Wife's] right to maintenance under the existing Decree will terminate" (which it is undisputed is 2020). Husband chose to read the contract as ending in 2016 and proposed a stipulation in that manner. His acceptance did not mirror the terms of the offer. Wife did not accept his counteroffer.

The trial court erred in granting the motion to enforce the settlement agreement; the judgment is reversed.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

Gary W. Lynch, J. – Concurs

William W. Francis, Jr., C.J. – Concurs

4