

# Missouri Court of Appeals

## Southern District

### Division Two

IN THE ESTATE OF GEORGE L. BRIGGS, )
DECEASED. )
)
JONA A. BRIGGS, PERSONAL )
REPRESENTATIVE OF THE ESTATE OF )
GEORGE L. BRIGGS, DECEASED, AND JONA )
A. BRIGGS, INDIVIDUALLY AND AS )
SUCCESSOR TRUSTEE OF THE GEORGE L. )
BRIGGS REVOCABLE TRUST AGREEMENT )
DATED JUNE 3, 2004, )
)
    Petitioner/Respondent-Appellant, )
)
    vs. )    No. SD32995
)
RENATE BARBER, )    **Filed: November 12, 2014**
)
    Respondent/Petitioner-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

Honorable Mark A. Stephens, Associate Circuit Judge

### **AFFIRMED**

Jona A. Briggs, individually, as personal representative, and as trustee ("Briggs"),

appeals from the trial court's judgment finding that Briggs and Renate Barber ("Barber")

reached a settlement agreement resolving three related lawsuits involving the division of

real property between them, and granting Barber specific performance of that settlement

1

agreement. Briggs raises two points of error – (1) there was no substantial evidence to determine the legal description of the real property involved, and (2) "there was no substantial evidence to support the judgment or it misapplied the law" in finding that Briggs and Barber reached a settlement agreement. We affirm the trial court's judgment because, viewing the evidence as we must view it in accordance with our standard of review, there was substantial evidence to permit a competent surveyor to find and identify the real property involved, and to support the trial court's finding that Briggs and Barber reached a settlement agreement.

**Facts and Procedural History**

Viewed in accordance with our standard of review, the evidence showed the following. George L. Briggs, Jr. died on December 12, 2006. On February 9, 2007, Mr. Briggs' daughter, Jona A. Briggs, individually and as trustee of Mr. Briggs' trust, filed a petition to set aside two deeds executed by Mr. Briggs in favor of Renate Barber, Mr. Briggs' companion. Briggs subsequently filed an application for probate of a Will dated June 3, 2004 and letters testamentary, and, on March 9, 2007, was appointed personal representative of the estate of Mr. Briggs. On May 14, 2007, Barber filed a petition to contest Mr. Briggs' Will dated June 3, 2004 and establish a Will dated December 8, 2006 as Mr. Briggs' true Will. The defendants in the will contest included Briggs individually, as personal representative of the estate of Mr. Briggs, and as trustee of Mr. Briggs' trust. On June 12, 2007, Briggs, in her capacity as personal representative of the estate of Mr. Briggs, filed a petition to discover assets against Barber in an adversary proceeding within the estate of Mr. Briggs.

2

On June 18, 2012, Briggs and Barber along with counsel participated in mediation relating to these three lawsuits (i.e., petitions to set aside two deeds, contest a Will, and discover assets) without arriving at a resolution of the lawsuits. Later that day, counsel for Briggs extended to counsel for Barber by telephone an offer to resolve the lawsuits, and counsel for Barber accepted the offer. A short time later on the same day, counsel for Barber asked counsel for Briggs by email to "forward . . . a draft of the settlement agreement for my review." That evening, counsel for Briggs emailed to counsel for Barber "the outline of the deal as I understand it" in ten numbered paragraphs.

After counsel for Barber inquired about "the status of the settlement agreement" on July 9, 2012, counsel for Briggs emailed a draft settlement agreement to counsel for Barber on July 13, 2012. Counsel for Barber replied by email on July 17, 2012, "I added some basic provisions, but I agree with the substance of the agreement. If you approve of my suggested changes, I will forward to my client for signature." On August 6, 2012, counsel for Briggs replied by email "[t]he changes are fine."

Under the revised, written settlement agreement, seven parcels of real property in Taney County and one parcel of real property in Stone County were to be divided as follows: Barber was to transfer to Briggs as trustee Taney County parcels three through seven and the Stone County parcel and all but the east 100 acres of Taney County parcel two (the settlement agreement provided "unless . . . mutually agree[d] otherwise," the boundary line separating the two parts of Taney County parcel two "shall be a line running due north and south"). Barber was to retain Taney County parcel one and the east 100 acres of Taney County parcel two.

Barber subsequently executed the settlement agreement on or about August 20, 2012 (the settlement agreement Barber executed was the same agreement as the settlement agreement counsel for Briggs stated was "fine" on August 6, 2012 except that the date of the agreement had been changed from July to August, and a typographical error in one of the notary acknowledgment blocks had been corrected). Barber then paid a surveyor $3,500 to prepare a survey that divided Taney County parcel two in accordance with the settlement agreement.

On December 27, 2012, Barber filed a motion to enforce the settlement of the three lawsuits between Barber and Briggs individually, as personal representative and as trustee.

On January 30, 2013, by email, counsel for Briggs informed counsel for Barber for the first time that Briggs (1) refused to execute the settlement agreement and (2) offered to settle the three lawsuits on substantially different terms.

On July 9, 2013, the trial court conducted a hearing on Barber's motion to enforce settlement. When Barber offered into evidence the survey that divided Taney County parcel two, Briggs objected and then withdrew her objection as follows:

> [Counsel for Briggs]: The only problem I have with Exhibit D, I'd object, I cannot tell when the survey was done. Do we have an invoice that shows when it was done or maybe I need to get glasses, Judge.
> [Counsel for Barber]: It's dated October 18, 2012, on the survey.
> [Counsel for Briggs]: 10/18/12, okay.
> THE COURT: Are you withdrawing your objection?
> [Counsel for Briggs]: Withdraw my objection, Judge.

The trial court then admitted the survey.[1]

---

[1] The trial court also left the record open for thirty days for Briggs to identify any errors in the survey. Briggs did not supplement the record during that time.

In an amended judgment filed September 26, 2013, the trial court granted Barber specific performance of a settlement agreement with Briggs, and found that:

> on June 18, 2012, Briggs and Barber, through their respective counsel, entered into a settlement agreement, supported by consideration to settle the above-captioned litigation, under the terms set forth in an email from [counsel] for Briggs[] to [counsel] for Barber, and that on August 6, 2012, Briggs and Barber further memorialized the terms of the settlement as set forth in the June 18, 2012, email, in a written Settlement Agreement ("Settlement Agreement") as counsel for Barber emailed the Settlement Agreement to counsel for Briggs after agreed upon changes to the form of the Settlement Agreement were made to the Settlement Agreement.

## Standard of Review

In a court-tried case:

> we must affirm the judgment of the trial court unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Johnson v. Estate of McFarlin*, 334 S.W.3d 469, 473 (Mo.App. S.D.2010).
>
> A judgment is supported by substantial evidence when there is evidence from which the trier of fact can reasonably find all facts necessary to sustain the judgment. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. S.D.2010). In determining whether there is substantial evidence, we view the evidence and reasonable inferences from the evidence in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's credibility determinations. *Id.*

*Consolidated Grain & Barge, Co. v. Hobbs*, 397 S.W.3d 467, 474 (Mo.App. S.D. 2013).

A claim that the trial court erroneously declared or applied the law is reviewed *de novo*.

*Smith v. Great American Assurance Co.*, 436 S.W.3d 700, 704 n.3 (Mo.App. S.D. 2014). Briggs has the burden to prove the trial court's judgment should be reversed.

*Grider v. Tingle*, 325 S.W.3d 437, 440 (Mo.App. S.D. 2010).

## Analysis

We address Briggs' points in reverse order.

*Point II – No Settlement Agreement Was Reached Between the Parties*

In Briggs' second point, Briggs contends that the trial court erred "because there was no substantial evidence to support the judgment or it misapplied the law in that the evidence . . . [showed] a series of offers and counteroffers . . . but no unequivocal agreement was reached between the parties." Contrary to Briggs' contention, substantial evidence showed (1) an oral offer by Briggs' counsel to Barber's counsel on June 18, 2012 followed later that day by an email from Briggs' counsel to Barber's counsel summarizing in writing Briggs' oral offer, (2) a further offer on July 13, 2012 by Briggs' counsel to Barber's counsel in the form of a written settlement agreement, (3) a counteroffer on July 17, 2012 by Barber's counsel to Briggs' counsel in the form of a revised, written settlement agreement, and (4) an acceptance of the counteroffer on August 6, 2012 by Briggs' counsel when Briggs' counsel emailed Barber's counsel and stated "[t]he changes are fine."

The existence of a contract is a question of fact. *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.*, 220 S.W.3d 301, 303 (Mo.banc 2007) ("Determination of whether a settlement has occurred when the parties dispute a settlement requires proof of factual issues."); and *Tinucci v. R.V. Evans Co.*, 989 S.W.2d 181, 184 (Mo.App. E.D. 1998) ("Where the evidence regarding a contract is conflicting or is capable of more than one inference, the question raised is one of fact for the trier of fact to determine."). For a contract to exist:

> there must be a definite offer and a mirror-image acceptance. *Volker Court, LLC v. Santa Fe Apartments, LLC*, 130 S.W.3d 607, 611 (Mo.App.W.D.2004). As a general common law principle, in order for a contract acceptance to be effective it must be positive and unambiguous. *Katz v. Anheuser–Busch, Inc.*, 347 S.W.3d 533, 545 (Mo.App.E.D.2011).

6

*Laughlin v. Moore*, 434 S.W.3d 118, 120-21 (Mo.App. S.D. 2014). "Any acceptance that includes new or variant terms from the offer presented amounts to a counter-offer and a rejection of the original offer." *Pride v. Lewis*, 179 S.W.3d 375, 379 (Mo.App. W.D. 2005) (internal quotation and citations omitted).

Viewed as we must in the light most favorable to the judgment, Briggs' counsel's statement that "[t]he changes are fine" was a positive and unambiguous, mirror-image acceptance of Barber's counsel's counteroffer in the form of a revised, written settlement agreement. The trial court did not misapply the law, and substantial evidence supported the trial court's finding there was a settlement agreement as of August 6, 2012.

Briggs' second point is denied.

*Point I – No Substantial Evidence to Determine Legal Description of Real Property*

In Briggs first point, she argues that the trial court erred "because there was no substantial evidence to determine the legal description . . . necessary to describe the land to be divided by the parties."

As the Western District stated in *Land Improvement, Inc. v. Ferguson*, 800 S.W.2d 460, 463 (Mo.App. W.D. 1990), in connection with the specific performance of a land for services contract:

> Land Improvement's arguments as to specificity in the contract and in the judgment are also without merit. For specific performance to be granted in regard to property a technical, legal description is not a strict necessity. The contract in question must either designate or describe the land with accuracy and certainty or provide a way for the identification of that land to be perfected by parol evidence. *Williamson v. Burnett*, 345 S.W.2d 80, 82 (Mo.1961). In *Williamson* the buyer and seller orally agreed upon the sale of a one-acre square of land to be located within a twelve-acre tract. This contract was for, "a tract square in shape, beginning at a cherry tree located in the fence line on the east line of seller's 12–acre tract ... 'going one acre south and from the fence back' one acre west." *Id*. at 82. The court upheld the contract as adequate,

7

finding that the description was enough to enable a competent surveyor to find and identify the land in question. *Id.* at 83. The description of the land given at trial was certainly sufficient for contractual purposes. *See also Blankenship v. Porter*, 479 S.W.2d 409, 412–13 (Mo.1972).

In this appeal, the evidence included the following. Taney County parcels one through seven were identified in parcel assessments from Taney County that were attached to the settlement agreement and showed book, page and date for the deed for each parcel as well as other identifying information for the parcel in question; the division of Taney County parcel two between Briggs and Barber was shown in a survey that was based on the settlement agreement and was admitted into evidence without objection after Briggs affirmatively withdrew her objection to the survey; and the Stone County real property was identified in paragraph 3 of the settlement agreement by the book and page for the beneficiary deed conveying that property. This evidence was substantial evidence that would have permitted, and, in the case of the division of Taney County parcel two, did permit, a competent surveyor to find and identify the real property subject to the settlement agreement.[2]

Briggs' first point is denied.

The trial court's judgment is affirmed.

*Barber's Request for Costs and Attorney Fees on Appeal*

In her brief, Barber requests us to award her costs and attorney fees on appeal as "allowed" in the settlement agreement. Briggs has not objected to Barber's request. Paragraphs 12, 13 and 18 of the settlement agreement appear to authorize costs and

---

[2] If Briggs intended her first point also to assert that the trial court misapplied the law in entering a judgment that did not include legal descriptions of the real property affected by the judgment, that claim that the judgment did not include legal descriptions was not preserved under Rule 78.07(c), Missouri Court Rules (2014), because the claimed error "relate[d] to the form or language of the judgment" and was not raised in a motion to amend the judgment. As a result, we do not reach or further address this possible claim.

8

attorney fees to the prevailing party on appeal.  We award Barber her costs on appeal, and assess those costs against Briggs pursuant to Rule 84.18, Missouri Court Rules (2014). However, we deny Barber's request in her brief for attorney fees, because her request is not supported by a pre-submission motion as required by Southern District Special Rule 14.


Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, J. – Concurs

Mary W. Sheffield, P.J. – Concurs