

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

IN THE ESTATE OF:                     )   No. ED108336
JAMES LARRY WASHINGTON,         )

                                       )   Appeal from the Circuit Court
                                         )   of St. Louis County

                                         )   Honorable Michael David Burton

                                         )
                                         )
                                         )   FILED: June 16, 2020

David B. Washington, a *pro se* litigant, ("Appellant") appeals from the circuit court's September 30, 2019 judgment dismissing Appellant's claims for guardian and conservator compensation for services rendered on behalf of his brother, James L. Washington ("Protectee") filed on May 13, 2019, and August 28, 2019, for the period of February 2013 through April 2018. We reverse and remand for a ruling on claims for compensation for the compensation requests filed in the years 2016 and 2017, covering the time period that Appellant was guardian and conservator from February 2013 through April 2017.

## I. Background

On February 2, 2013, Protectee was found unconscious in his home, where he had lived for more than forty years. In March 2013, his brother, Appellant, filed a Petition for Appointment of Guardian and/or Conservator, which was granted. The letters of guardianship

and conservatorship were issued on May 9, 2013. A history of court filings and litigation ensued, both during Protectee's life, and after he passed away on April 15, 2018.

Throughout his time as guardian and conservator, Appellant filed several petitions for compensation, which itemized his time and expenses and requested an hourly pay rate of $107. His first three petitions were filed on April 28, 2016, September 14, 2016, and July 12, 2017. On August 8, 2017, an order was issued by the probate division of the Circuit Court of St. Louis County, ordering compensation to Appellant at the rate of $500 for each of four annual periods, for a total of $2000. Appellant appealed from that order, and on its own motion, this Court dismissed the appeal, ED105884, without prejudice because the order was not properly signed. In re the Estate of James Larry Washington, Cause No. 13SL-PR00622, St. Louis County Circuit Court (October 17, 2017). The Court noted, "If an order is entered by a judge on the motion to modify or vacate [its August 8, 2017 order], then Appellant may refile his appeal." On October 5, 2017, the probate judge ordered that the August 8 order be reconsidered because it had not been signed by a judge or commissioner. The deputy commissioner took the request to modify or vacate the August 8 order under submission on October 6, 2017. However, no subsequent order is on the record.

This appeal stems from Appellant's additional requests, each titled a "claim" for compensation, filed on May 13, 2019, and August 28, 2019, which both requested guardian and conservator compensation for the period of February 8, 2013, to April 23, 2018, some of which time was already covered in Appellant's first three petitions. On September 30, 2019, the probate division for the Circuit Court of St. Louis County issued an order dismissing the May 13, 2019 and August 28, 2019 claim based upon untimeliness under Section 473.360. Appellant filed his Notice of Appeal on October 7, 2019, and this appeal follows.

Additionally, a simultaneous appeal, ED108357, stems from the circuit court's October 11, 2019 order granting fees in an amount less than requested to Appellant as guardian and conservator, based on Appellant's petitions for compensation filed on July 9, 2018, and September 26, 2019. The July petition requested compensation for the period from April 2017 to April 2018; and the September petition requested compensation for the period from April 2018 to August 2019. Appellant filed his Notice of Appeal for the award of fees in that case on October 21, 2019.

Additional facts are discussed as they relate to Appellant's points on appeal.

## II. Discussion

Appellant raises three points in this appeal. First, he alleges the circuit court erred in dismissing his claim because it complied with the requirements under Section 473.360 and 473.380 in that the claims fell within the statute exemption provisions for costs and expenses of administration, for all services rendered specifically, only by the guardian and conservator for the Protectee's estate. Appellant claims thus, he was relieved from the six-months limitations period, and being time barred for not filing within six months after the date of the first published notice of letters testamentary, or of administration, and further exempting Appellant's claim from the one-year filing deadlines requirements under Section 473.360 and Section 473.444, because Section 473.360 and Section 473.444 specifically exempts "costs and expenses of administration" from the six-months and one-year deadlines and further "no letters were ever published."

In his second point, Appellant alleges the circuit court erred in dismissing his claim because the "claim" filed in the probate case sufficiently complied with the requirements under Section 473.360 in that the claims were filed within six months after the date of the first

published notice of letters testamentary or of administration, because no letters were ever published, and the petition filed for dispense with administration and order of distribution under Section 475.320 did not comply with requirements of Section 475.320.2 by not publishing letters, or dispense of administration without letters. Appellant alleges the Court Hearing Order did not order payment of all Appellant's debts and claims as required for compliance under Section 475.380.1 and .2, which makes erroneous the petition and the September 26, 2019 "Hearing" being erroneously declared and erroneously applied. Appellant further alleges the claims being filed within six months after the date of first published notice of letters testamentary or of administration complies with the requirements under Section 473.360. Appellant further alleges the form and sufficiency of the petition filed for dispense with administration and order of distribution and the hearing of September 26, 2019 under Section 475.320 was erroneous in form and in substance compared to Section 473.020, which Appellant alleges should have been filed for this present case.

Third and finally, Appellant alleges the circuit court erred in dismissing his claim because the claim filed in the probate case sufficiently complied with the requirements under Section 473.360, in that the claims were filed within six months after the date of the first published notice of letters testamentary or of administration because the claims were filed within four months after the death of the decedent on April 15, 2018, in compliance with the requirements under Section 475.270.6 and Section 473.403.3.

A. Standard of Review

"A court-tried probate case is reviewed under the standard of Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976). Under that standard, the probate court judgment will be sustained 'unless there is no substantial evidence to support it, unless it is against the weight of the

evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" In re Estate of Schooler, 204 S.W.3d 338, 342 (Mo. App. W.D. 2006) (quoting Murphy, 536 S.W.2d at 32). "Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." Ivie v. Smith, 439 S.W.3d 189, 199 (Mo. banc 2014). "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." Id. at 206.

In determining whether the judgment is supported by substantial competent evidence, "we view the evidence and reasonable inferences from the evidence in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's credibility determinations." Estate of Briggs, 449 S.W.3d 421, 425 (Mo. App. S.D. 2014). "A claim that the trial court erroneously declared or applied the law is reviewed *de novo*." Id.

B. Analysis

The Legal File for this case includes a "Claim" filed in May 2019, which provides, "Instructions for Making Claims Against an Estate" at the top of the sheet: "Information on making claims against an estate can be found in Section 473.360 RSMo for decedent's estates and Section 475.205 RSMo for conservatorship estates." Appellant's claim was for $90,135.56. The same document was filed again in August 2019 claiming the same amount. Appellant attached the exhibits itemizing the work he performed with dates and hours included. These "claims" were for the time period from February 2013 through April 2018.

The court's September 30, 2019 "Order Denying Claim" states that Appellant's claim filed on May13, 2019 and again on August 28, 2019 is dismissed "due to being filed out of time" under Section 473.360. The docket sheet in the Legal File includes an entry for September 30, 2019, with the same notation of the dismissal.

Of particular note here is that Chapter 475 is the "Probate Code – Guardianship" while Chapter 473 is the "Probate Code – Administration of Decedents' Estates." The present matter is a guardianship under Chapter 475, not administration of a decedent's estate as the circuit court applied. As explained in the Missouri Practice Series for "Probate Law and Practice," the 1955 Probate Code provided that claims in conservatorship estates were proceeded upon and allowed or rejected in the same manner as was provided for the claims against the estate of a decedent. Section 2058. Claims— Procedure, 5D Mo. Prac., Probate Law & Practice § 2058 (3d ed.). However, the Probate Code Revision of 1980 repealed that provision, eliminating the referenced provision to decedents' estate procedure because of the confusion created in practice. Id. "The object of the amendment was to confer an independent power upon the probate division of the circuit court to receive and allow claims." Id. Because there is no provision on what *form* the claims should take, Section 473.380 has provided what content to include in a claim, and custom and practice has led to the use of the claim form developed by the Missouri Probate Judges Association used interchangeably in decedents' and protectees' estates. Id.

Here, we find the circuit court misapplied the law in dismissing Appellant's claims based on Section 473.360, which time bars some claims not filed within six months from the first publication of notice of letters testamentary or of administration.

6

Instead, it should have applied Section 475.205, "Claims against estate—procedure," which instructs:

> All claims against the estate of a protectee, whether they constitute liabilities of the protectee which arose before or after the conservatorship, or liabilities incurred by the conservator for the benefit of the protectee or his estate, may be filed in the probate division of the circuit court. After hearing, the probate division of the circuit court may allow a claim so filed, in whole or in part, or disallow it. An order allowing a claim has the effect of a judgment and bears interest at the legal rate, unless the claim provides for a different rate, in which case the judgment shall be rendered accordingly.

Section 475.205. Timeliness is not at issue here. Section 475.211 further classifies claims against protectees into categories of 1) court costs; 2) expenses of administration, including guardian and conservator fees, and attorney's fees; 3) expenses for reasonable support and maintenance for the protectee; and 4) all other claims filed against the estate as provided by law. Section 475.213 then requires that claims be paid according to a certain priority. Section 475.270 provides for timeliness for annual settlements filed by conservators, but the "claims" here do not fit such category.

The circuit court made its October 11, 2019 ruling on Appellant's petitions for guardian/conservator fees for the time periods from April 2017 to April 2018, as well as from April 2018 to August 2019, which this Court affirms in a simultaneous appeal, ED108357; the fees for those dates are no longer at issue. However, Appellant's claims for guardian/conservator fees that were not ruled upon were those filed for the periods of February 2013 to May 2015 (filed in Appellant's first petition in April 2016), May 2015 to May 2016 (filed in Appellant's second petition in September 2016) and May 2016 to April 2017 (filed in Appellant's third petition in July 2017), which were the subject of appeal ED105884 and, upon request for a final judgment, were again taken under submission by the probate court on October 6, 2017, as if the request was a motion to

7

modify.  The "claims" filed on May 13, 2019 and August 28, 2019, covering the same time periods first covered in Appellant's original three petitions arguably made those original three petitions under submission moot,[1] but nevertheless, this Court's decision now reversing the court's September 30, 2019 order that dismissed Appellant's claims, there is no final ruling on Appellant's guardian/conservator fees for the time periods from February 2013 through April 2017.  We direct the circuit court to make a final ruling on guardian/conservator compensation for Appellant for his first three petitions filed in the years 2016 and 2017, covering the time period from February 2013 through April 2017.  The circuit court misapplied the law and the judgment is reversed and remanded accordingly.  Based on this decision, we need not discuss Appellant's remaining points on appeal any further.

### III.  Conclusion

The judgment of the circuit court is reversed and remanded.

_____
ROY L. RICHTER, Judge

Robert M. Clayton III, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

---

[1] A cause of action is moot when the question presented for decision seeks a judgment upon some matter, which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Euclid Terrace Corp. v. Golterman Enters., Inc., 327 S.W.2d 542, 544 (Mo. App. 1959).*