

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| DEBORAH PAGORIA, | ) | No. ED111518 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 22SL-PR01594 |
| | ) | |
| | ) | Honorable Mary E. Ott |
| JERROLD PAGORIA, | ) | |
| Personal Representative of the Estate of | ) | |
| Nick S. Pagoria, | ) | |
| | ) | |
| Respondent. | ) | FILED:   July 2, 2024 |

OPINION

Deborah Pagoria ("Appellant") appeals from the St. Louis County Probate Court's judgment denying her claim against the Estate of Nick S. Pagoria ("the Estate"). The court determined Appellant breached the relevant paragraph of a settlement agreement between herself and her ex-husband, Nick S. Pagoria ("Decedent"), and that the paragraph Appellant breached was the same paragraph upon which she based her claim against the Estate. The court concluded that the settlement agreement was a contract between the parties, and that Appellant failed to perform or tender performance as required in the settlement agreement. We affirm the judgment of the probate court.

Factual and Procedural Background

Appellant and Decedent were divorced in August 2013, approximately ten years before Decedent's death. As part of the Judgment of Dissolution of Marriage, both parties entered into a Property Settlement and Separation Agreement (the "Agreement"), which was incorporated into the Judgment of Dissolution and approved by the court. Pursuant to the Agreement, each party was to execute and file a beneficiary deed for his or her respective residential real property in favor of the other. Specifically, Section 3 provides that:

> The parties agree to each execute and file for record a beneficiary deed upon their respective residential real properties presently in their sole and individual respective names, whereby upon the death of one of the parties, the survivor of them shall become the owner of the other's real property.

Neither party ever did so.

Despite both parties having breached Section 3 of the Agreement, Appellant filed a claim against the Estate asking the probate court to enforce the Agreement and transfer to her the real estate which was the Decedent's home and is now part of the Estate. On January 12, 2023, the probate court held a hearing on Appellant's claim and thereafter entered judgment in favor of the Estate and against Appellant.[1] This appeal follows.

Standard of Review

"A court-tried probate case is reviewed under the standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Under that standard, the probate court judgment will be sustained 'unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law.'" *In re Estate of Schooler*, 204 S.W.3d 338, 342 (Mo. App. W.D. 2006) (quoting *Murphy*, 536 S.W.2d at 32). "Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *Ivie v. Smith*, 439 S.W.3d 189, 199

---

[1] The Honorable Commissioner William J. Gust wrote for the probate court.

(Mo. banc 2014). "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Id*. at 206. In determining whether the judgment is supported by substantial competent evidence, "we view the evidence and reasonable inferences from the evidence in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's credibility determinations." *Estate of Briggs*, 449 S.W.3d 421, 425 (Mo. App. S.D. 2014). "A claim that the trial court erroneously declared or applied the law is reviewed de novo." *Id*.

Discussion

Appellant raises two points. In Point I, she argues the probate court erroneously declared and applied the law in denying her claim because Respondent collaterally attacked the 2013 Judgment of Dissolution, and it was therefore error for the court to conclude "that the judgment was merely a contract subject to revision, enforcement, or discretion." In Point II, Appellant argues the probate court "ruled against the weight of the evidence, in that the court found that there was a contractual 'performance' issue, rather than determining if the judgment was a valid judgment." Appellant is incorrect on both points.

The parties entered into an Agreement, which was executed by both parties and incorporated into the 2013 Judgment of Dissolution. The probate court found the Agreement to be a contract and that Appellant and Decedent mutually agreed in Section 3 of the Agreement to file beneficiary deeds on their separate homes, deeding each home to the other. But neither party did so. Instead, both parties breached Section 3 of the Agreement. Thus, the court concluded this

3

provision was not enforceable by Appellant against the Estate. The court's conclusion is supported by the record and the law.

At trial, the fact that neither party filed a beneficiary deed between the time of the divorce and the Decedent's death was undisputed. Also undisputed and confirmed by Appellant's trial testimony was that she sold her home, did not file a beneficiary deed subsequent to the sale, and then purchased a new home. She admitted at trial and again before this Court that she did not intend to file a beneficiary deed. Nevertheless, Appellant filed a probate claim upon Decedent's death. As Respondent correctly points out, Appellant "avoided [the] burden of filing the deed and the risk of her heirs not receiving that property, but then only acted once the Decedent had died." No party "should be allowed to assume the inconsistent position of affirming a contract…by claiming its benefits, and disaffirming it…by avoiding its obligations or burdens. *Dubail v. Medical West Bldg. Corp*, 372 SW.2d 128, 132 (Mo. 1963).

Additionally, Section 3 of the contract is not enforceable as both parties mutually breached its terms by failing to file the beneficiary deeds. Because neither party honored the terms of the contract, and in fact demonstrated no intention of doing so, there existed no consideration for Section 3 of the contract. In *Sears v. Easter Seals Midwest,* 563 S.W.3d 111 (Mo. banc 2018), the Missouri Supreme Court stated that an agreement lacks legal consideration if one party unilaterally divests itself of any obligation. "A promise is illusory when one party retains the unilateral right to amend the agreement and avoid its obligations." *Id.* at 116. Here, both parties divested themselves of their previously agreed-upon legal obligations, thus rendering Section 3 unenforceable and void.

Finally, the probate court properly allowed evidence that Appellant had breached the contract and should not benefit therefrom. Contrary to Appellant's contention, allowing this

4

evidence did not amount to a "collateral attack" on the divorce judgment. A "collateral attack" is any attempt to impeach a judgment in a proceeding that was not instituted for the express purpose of annulling that judgment. See *Timmons v. Timmons*, 139 S.W.3d 625, 629 (Mo. App. W.D. 2004). The underlying judgment may be challenged in a collateral proceeding only if it was void for lack of personal or subject matter jurisdiction or due process. See *Blanchette v. Blanchette*, 476 S.W.3d 273, 278 (Mo. banc 2015). Here, the court was resolving a dispute regarding an alleged breach of the terms of the Agreement, not allowing a collateral attack on the 2013 Judgment of Dissolution. The court correctly concluded that Appellant cannot enforce Section 3 of the Agreement now, more than nine years after it was signed, when she herself breached the Agreement.

Given that neither party filed a beneficiary deed, and thus both parties mutually breached the Agreement, the contested property belongs to the Estate. The probate court's judgment is not against the weight of the evidence, and the probate court neither erroneously declared nor applied the law. *In re Estate of Schooler*, 204 S.W.3d at 342. Points I and II are denied.

<u>Conclusion</u>

The judgment of the probate court is affirmed.


Cristian M. Stevens, J.


Robert M. Clayton III, P.J. and
Philip M. Hess, J., concur.