WILKIN v. MITCHELL
2024 OK CIV APP 19
Case Number: 121950
Decided: 08/02/2024
Mandate Issued: 08/29/2024
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2024 OK CIV APP 19, __ P.3d __

 
See Okla.Sup.Ct.R. 1.200 before citing.

 

MELINDA WILKIN, fka MELINDA POHLENZ, Plaintiff/Appellee,
v.
JACK R. MITCHELL, Defendant/Appellant,
and
RIVER BEND REAL ESTATE INVESTMENT, LLC, a Missouri limited liability company, Defendant.

APPEAL FROM THE DISTRICT COURT OF
CREEK COUNTY, OKLAHOMA

HONORABLE DOUGLAS W. GOLDEN, TRIAL JUDGE

AFFIRMED

Jean Walpole Coulter, Brian L. Mitchell, MITCHELL BONDS, PLLC, Sapulpa, Oklahoma, for Plaintiff/Appellee,

Thomas Janer, SELBY, CONNOR & JANER, Bartlesville, Oklahoma, for Defendant/Appellant.

THOMAS E. PRINCE, JUDGE:

¶1 This dispute arises out of an order that denied a Motion to Compel Arbitration and to Stay Trial Court Proceedings, which had been sought by the Defendant/Appellant, Jack R. Mitchell. Mr. Mitchell was a party to a Confidential Settlement Term Sheet ("Settlement Agreement") that required repayment of a $1.5 million investment in a project that included two other individuals: i.e., Clain Patterson and Ralph Charles Wilkin, III. When payments were not made in accordance with the terms of the Settlement Agreement, Mr. Wilkin did not pursue this action. This action was brought instead by his spouse, the Plaintiff/Appellee, Melinda Wilkin, alleging a single claim of breach of contract. The Settlement Agreement included a mandatory arbitration clause and Mr. Mitchell moved to compel arbitration. The Settlement Agreement also contained a choice-of-law provision requiring disputes to be resolved under Missouri law. The trial court denied the motion to compel arbitration. We have reviewed the record and find that the trial court committed no error. Consequently, the Order Covering Hearing on January 4, 2024 ("Final Order"), is AFFIRMED.

BACKGROUND

¶2 Ms. Wilkin alleged in her Petition that Mr. Mitchell and River Bend Real Estate Investment, a Missouri limited liability company,

¶3 Mr. Mitchell responded to the Petition by filing his Motion to Compel Arbitration and to Stay Trial Court Proceedings. Mr. Mitchell alleged that the Settlement Agreement included a mandatory arbitration clause

STANDARD OF REVIEW

¶4 The denial of a motion to compel arbitration is reviewed de novo. Magel v. Nuveen, 2023 OK CIV APP 13529 P.3d 928de novo. Berry and Berry Acquisitions v. BFN Properties, 2018 OK 27416 P.3d 1061de novo review involves "a plenary, independent, and non-deferential examination of the district court's legal rulings." Id. (citation omitted).

ANALYSIS

Choice-of-Law Provision.

¶5 As a general rule, a contract is interpreted according to the law and usage of the place where the contract is made or where it is to be performed. 15 O.S. § 162Berry and Berry Acquisitions v. BFN Properties, 2018 OK 27Id. When determining whether a choice-of-law issue is present, a court must determine whether there is a difference in the law of the jurisdictions implicated. Kentucky Bluegrass Contracting, LLC v. Cincinnati Insurance Co., 2015 OK CIV APP 100363 P.3d 1270

¶6 The Settlement Agreement includes a provision stating that Missouri law will govern the contract.

¶7 The Parties involved with the Settlement Agreement include Missouri companies and a Missouri resident. We, therefore, find that Missouri has a sufficient nexus to the Parties to justify the choice-of-law provision contained in the Settlement Agreement and we find that the provision does not violate the public policy of Oklahoma. Berry and Berry, at ¶ 14; Lincoln Farm, L.L.C. v. Oppliger, 2013 OK 85315 P.3d 971Fossil Creek Energy Corp. v. Cook's Oilfield Services, 2010 OK CIV APP 123242 P.3d 537

Oklahoma Substantive Law.

¶8 Under the Federal Arbitration Act ("FAA") and the Oklahoma Uniform Arbitration Act ("OUAA"), courts are required to enforce arbitration agreements according to the terms of the contract. Watts v. Belmar North HOA, 2023 OK CIV APP 22531 P.3d 669Id. (citations omitted). The existence of an arbitration agreement is governed by state law principles, arbitration agreements are "as enforceable as other contracts, but not more so", and when determining whether a valid agreement to arbitrate exists, the trial court should apply state-law principles that govern the formation of contracts. Id., at ¶ 8 (citations omitted). Arbitration requires mutual consent of the parties and arbitration, generally, will not be forced upon unwilling litigants. Magel v. Nuveen, 2023 OK CIV APP 13

¶9 The question presented here is whether a non-signatory to a contract can be compelled to submit to arbitration. Ms. Wilkin claims that she is a third-party beneficiary to the Settlement Agreement and, arguably, should not be required to submit to arbitration because she did not sign the Agreement. In Carter v. Schuster, 2009 OK 94227 P.3d 149Carter, at ¶ 14. Those theories include (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing-alter ego; and (5) estoppel. Id. The Carter Court defined equitable estoppel as a false representation or concealment of facts, made with actual or constructive knowledge, to a person without knowledge or means of knowing the facts, with the intent that it be acted upon, and detrimental reliance by the person to whom the representation or concealment of facts was made. Id., at ¶ 15. The Carter Court concluded that a doctor who signed an agreement which included an arbitration clause was not bound by the clause in his individual capacity since he signed the agreement as an agent of a corporation and not as an individual. Id., at ¶ 1.

¶10 We find that none of the five theories for binding a non-signatory to an arbitration agreement set forth by the Carter Court are present. The arbitration agreement was not incorporated by reference for any agreement involving Ms. Wilkin. Ms. Wilkin is not her husband's agent, and she is not involved with a corporation which could justify piercing the corporate veil. Equitable estoppel, as defined by the Carter Court, does not apply because there is no showing or evidence of a false representation or concealment of facts by the Parties. We find that, under Oklahoma law, Ms. Wilkin would not be required to arbitrate under the theories for binding a non-signatory to a contract that includes an arbitration clause.

Missouri Substantive Law

¶11 In Missouri, as in Oklahoma, arbitration is a matter of contract and if parties have not agreed to arbitrate, courts have no authority to require arbitration. Central Trust Bank v. Graves, 495 S.W.3d 797, 802 (Mo.App. W.D. 2016). Missouri has also recognized the five theories for compelling a non-signatory to an arbitration agreement to submit to arbitration that were listed by the Court in Carter v. Schuster, 2009 OK 94Central Trust Bank Court stated:

[W]here "'[a] willing signatory seek[s] to arbitrate with a non-signatory that is unwilling [, the signatory] must establish at least one of the [following] five theories'[:]...(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; [or] (5) estoppel."

Central Trust, at p. 802-803. The first four theories identified by the Court do not apply for the same reasons that they do not apply under Oklahoma law. Regarding the issue of estoppel, the Central Trust Court recognized that: "By accepting benefits, a party may be estopped from questioning the existence, validity, and effect of a contract." Id. In Missouri, "[a] party will not be allowed to assume the inconsistent position of affirming a contract in part by accepting or claiming its benefits, and disaffirming it in part by repudiating or avoiding its obligations, or burdens." Shearin v. Flectcher/Mayo/Associates, Inc., 647 S.W.2d 127, 129 (Mo.App. 1982); also see Dubail v. Medical West Building Corporation, 372 S.W. 2d 128, 132, and Dunn Indus. Group v. City of Sugar Creek, 112 S.W.3d 421, 437 (Mo.App.E.D. 2003). However, "'mere indirect benefits are [not] sufficient to establish estoppel' because 'the nonsignatory is benefiting from the contractual relationship of those who are indeed parties to the contract, rather than benefiting from the contract, itself.'". Central Trust, at p. 804 (citation omitted). We find that there is no evidence that Ms. Wilkin accepted any benefits from the Settlement Agreement. Her benefits, if any, are incidental and purely due to her husband's rights under the Settlement Agreement. Under these facts and under Missouri law, we find that Ms. Wilkin is not estopped from avoiding arbitration.

CONCLUSION

¶12 Mr. Mitchel is unable to compel Ms. Wilkin, as a non-signatory and stranger to the Settlement Agreement, to submit to arbitration because the principles of estoppel do not apply under the facts of this case. Our conclusion would be the same regardless of whether we applied the substantive law of Oklahoma or Missouri. Accordingly, the Final Order, is AFFIRMED.

BELL, V.C.J., and SWINTON, P.J., concur.

FOOTNOTES